UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK ROBERT POMERANCE,<br><br>  Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner of the Social Security Administration,<br><br>  Defendant. | Case No. 10cv1168-JLS (BLM)<br><br>**REPORT AND RECOMMENDATION THAT CASE BE DISMISSED WITH PREJUDICE FOR FAILURE TO PROSECUTE** |

This Report and Recommendation is submitted to United States District Judge Janis L. Sammartino pursuant to 28 U.S.C. § 636(b) and Local Civil Rules 72.1(c) of the United States District Court for the Southern District of California.

## BACKGROUND

Plaintiff filed a complaint in this matter seeking judicial review of Defendant's final administrative decision denying Plaintiff Widower's Insurance Benefits based upon disability under Title II of the Social Security Act. ECF No. 1. On August 27, 2010, Defendant filed his answer and the administrative record. ECF Nos. 7 & 9. The same day, this Court issued an Order Setting Briefing Schedule and Hearing Date on Cross-Motions for Summary Judgment. ECF No. 10. Pursuant to that order, Plaintiff was to file a motion for summary judgment on or before October 4, 2010. Id.

When Plaintiff failed to file such a motion or to seek an extension of time in which to do so, this Court issued an order to show cause why this Court should not recommend to the district judge that this case be dismissed for failure to prosecute.[1] ECF No 11. In the order to show cause, the Court directed Plaintiff to file a declaration on or before November 12, 2010, regarding his failure to comply with this Court's August 27, 2010 order. Id. The Court further ordered Plaintiff to appear for a hearing on November 18, 2010. Id.

Plaintiff did not file a declaration or any other response by the deadline set by this Court. On November 16, 2010, this Court's law clerk called counsel for Plaintiff and left a message inquiring as to the status of the overdue declaration. Neither Plaintiff nor his counsel responded to the Court's order or the telephone call and both also failed to appear for the hearing on November 18, 2010. The Court documented this failure to appear on the record. See ECF No. 12.

## DISCUSSION

In light of Plaintiff's failure to participate in this case, this Court recommends that the case be dismissed for failure to prosecute. The authority of federal district courts to *sua sponte* dismiss actions for failure to prosecute arises from their inherent power. Link v. Wabash R. Co., 370 U.S. 626, 629-632 (1962) (confirming court's inherent authority and rejecting the argument that Fed. R. Civ. P. 41(b) prohibits involuntary dismissal initiated by the court, as opposed to by a defendant's motion); Hernandez v. City of El Monte, 138 F.3d 393, 400 (9th Cir. 1998). "Despite this authority, dismissal is a harsh penalty and, therefore, it should only be imposed in extreme circumstances." Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992). The Ninth Circuit has "set forth five factors for a district court to consider before resorting to the penalty of dismissal: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of

---

[1] Even if Plaintiff somehow was unaware of his deadline for filing his summary judgment motion, the Court's local rules require that all dispositive motions be filed "not later than sixty (60) days prior to the date for which the matter is noticed." CivLR 7.1(e)(6). The hearing date set by this Court was December 6, 2010 (ECF No. 10), so Plaintiff's motion also would be untimely under the local rules.

cases on their merits; and (5) the availability of less drastic sanctions.'" Hernandez, 138 F.3d at 399 (quoting Henderson v. Duncan, 779 F.2d 1421 (9th Cir. 1986)). When a court is considering *sua sponte* dismissal of an action, the focus should be on the availability of less drastic alternatives and whether the plaintiff had warning that the case might be dismissed. See Olivia v. Sullvan, 958 F.2d 272, 274 (9th Cir. 1992).

Here, a weighing of the Henderson factors tilts the scale in favor of dismissal. The public's interest in having litigation resolved expeditiously, the court's need to manage its docket, and the risk of prejudice to the defendant all support dismissal of the action. See id. (finding first three factors weighed in favor of dismissal where plaintiff's social security case was dismissed *sua sponte* because she failed to timely file her summary judgment motion); Glasper v. Astrue, 2008 WL 4375744, at *2 (C.D. Cal. Aug. 28, 2008) (adopting report and recommendation finding that first three factors supported dismissal). While the public policy favoring disposition on the merits generally weighs against dismissing the action, "it is the responsibility of the moving party to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics." Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir. 1991). Despite having repeat opportunities to pursue his case and having received notice that failure to do so could result in dismissal of his case, Plaintiff has not taken any steps toward satisfying this responsibility.

To guide district courts in evaluating the final factor, the availability of less drastic sanctions, the Ninth Circuit has established a three-part test. Specifically, "[t]he sub-parts of the fifth factor are whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions." Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir. 2007) (noting that this "test" need not be applied mechanically). In this case, the Court warned Plaintiff in its order to show cause that its sanctioning authority for Plaintiff's failure to comply included "any and all sanctions authorized by statute or rule or within the inherent power of the court, including, without limitation, dismissal of any actions, entry of default, finding of contempt, imposition of monetary sanctions or attorneys' fees and costs, and other lesser sanctions." ECF No. 11 (citing

CivLR 83.1). In addition, the Court told Plaintiff that he must explain during the hearing why his case should not be dismissed. Id. at 1-2. The Court also attempted to avoid dismissal by providing Plaintiff with three opportunities to explain and potentially rectify his failure to prosecute this case by filing the required summary judgment motion (namely, the ordered declaration, the follow up telephone call, and the November 18, 2010 hearing). It is not, however, incumbent upon the Court to impose all lesser sanctions before dismissing the case. "The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." See Henderson, 779 F.2d at 1424 (finding that court satisfied its obligation by warning that dismissal was possible, holding a status conference, and establishing a discovery schedule); see also Godfrey v. Astrue, 2010 WL 342858, at *2 (C.D. Cal. Jan. 29, 2010) (concluding the court explored meaningful alternatives by "repeatedly warning Plaintiff of her obligation to respond to Court orders and granting her additional time to do so"). Given Plaintiff's complete failure to respond to any of this Court's orders, warnings, or additional opportunities to explain or comply, it is unlikely that lesser sanctions, such as monetary penalties, would have any impact on Plaintiff's behavior.

In sum, the Court finds that Plaintiff's failure to comply with the Court's orders or to in any way prosecute his case warrants sanctions. Having weighed the Henderson factors, the Court concludes that dismissal is the appropriate sanction and, therefore, **RECOMMENDS** that Plaintiff's complaint be dismissed with prejudice for failure to prosecute. See Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 714 (9th Cir. 2001) (holding that dismissal for failure to prosecute is treated as an adjudication on the merits); Godfrey, 2010 WL 342858 at *3 (dismissing social security case with prejudice because dismissal was based on failure to prosecute and obey court orders).

### **CONCLUSION AND RECOMMENDATION**

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the District Judge issue an Order: (1) approving and adopting this Report and Recommendation and (2) dismissing this action in its entirety with prejudice for failure to prosecute.

**IT IS ORDERED** that no later than **December 15, 2010**, any party to this action may

file written objections with the Court and serve a copy on all parties.  Plaintiff is specifically warned that his failure to file an objection by **December 15, 2010**, may result in the dismissal of his case with prejudice.  The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **December 29, 2010**.  The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order.  See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).

**IT IS SO ORDERED.**

DATED: November 29, 2010

_____
BARBARA L. MAJOR
United States Magistrate Judge